UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE JONES,

                Plaintiff,

-against-

ATLANTIC RECORDS, *et al.*,

                Defendants.

22-CV-0893 (LTS)

ORDER DIRECTING ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se,* seeking to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. She submitted the complaint (ECF No. 2) and her consent to electronic service (*Id.* at 9), without signatures. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). In light of the current COVID-19 pandemic, pursuant to the April 1, 2020 Addendum to Electronic Case Filing Rules & Instructions regarding Temporary Acceptance of Pro Se Filings by Email, a *pro se* party who files a document by email must sign the document by either: "(a) signing by hand and then scanning the document; (b) signing electronically using a digital signature; or (c) by typing: /s/Filer's Name."

    While Plaintiff's IFP application includes an electronic signature, Plaintiff filed the complaint and consent to electronic service by email, but she did not sign these filings using any of the prescribed methods. The Court therefore directs Plaintiff to resubmit to the court the signature pages of the complaint and consent to electronic service with either original signatures

or electronic signatures pursuant to the temporary rule within thirty days of the date of this order. Copies of the signature pages are attached to this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 3, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge