USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENISE JONES,

                         Plaintiff,

-against-

ATLANTIC RECORDS; CRAIG KALEMAN, CEO OF ATLANTIC RECORDS; WARNER MUSIC GROUP; STEPHEN COOPER, CEO OF WARNER MUSIC GROUP; 1501 CERTIFIED ENTERTAINMENT; CARL CRAWFORD, CEO OF 1501 CERTIFIED ENTERTAINMENT; 300 ENTERTAINMENT; KEVIN LILES, CEO OF 300 ENTERTAINMENT; MEGAN J. PETE; BELCALIS MARLENIS ALMANZAR; JORDEN THORPE,

                         Defendants.

22-CV-0893 (ALC)

ORDER OF SERVICE

---

ANDREW L. CARTER, JR., United States District Judge:

    Plaintiff brings this *pro se* action, alleging copyright infringement. By order dated February 17, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## DISCUSSION

**A.    Service on Defendants Atlantic Records, its CEO Craig Kaleman, Warner Music Group, its CEO Stephen Cooper, 1501 Certified Entertainment, its CEO Carl Crawford, 300 Entertainment, and its CEO Kevin Liles**

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."). To allow Plaintiff to effect service on Defendants Atlantic Records, its CEO Craig Kaleman, Warner Music Group, its CEO Stephen Cooper, 1501 Certified Entertainment, its CEO Carl Crawford, 300 Entertainment, and its CEO Kevin Liles through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Defendants Megan J. Pete, Belcalis Marlenis Almanzar, and Jorden Thorpe**

The Court declines, at this time, to direct service on Defendants Megan J. Pete, Belcalis Marlenis Almanzar, and Jorden Thorpe because Plaintiff has failed to provided addresses for these Defendants. The Court will entertain a request for service on these Defendants should Plaintiff provides the addresses for service.

C. **Request for Counsel**

Plaintiff filed an application for the Court to request *pro bono* counsel. (ECF No. 8.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's request for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Atlantic Records, its CEO Craig Kaleman, Warner Music Group, its CEO Stephen Cooper, 1501 Certified Entertainment, its CEO Carl Crawford, 300 Entertainment, and its CEO Kevin Liles, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court declines, at this time, to direct service on Defendants Megan J. Pete, Belcalis Marlenis Almanzar, and Jorden Thorpe because Plaintiff has failed to provide addresses for these Defendants. The Court will entertain a request for service on these Defendants should Plaintiff provides the addresses for service.

Plaintiff's request for counsel, ECF No. 8, is denied without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:  February 18, 2022
           New York, New York

                                       ANDREW L. CARTER, JR.
                                       United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Atlantic Records
   1633 Broadway
   New York, New York 10019

2. Craig Kaleman, CEO
   Atlantic Records
   1633 Broadway
   New York, New York 10019

3. Warner Music Group
   1633 Broadway
   New York, New York 10019

4. Stephen Cooper, CEO
   Warner Music Group
   1633 Broadway
   New York, New York 10019

5. 1501 Certified Entertainment
   207 Reinerman Street
   Houston Texas 77001

6. Carl Crawford, CEO
   1501 Certified Entertainment
   207 Reinerman Street
   Houston Texas 77001

7. 300 Entertainment
   112 Madison Avenue, Floor 4
   New York, New York 10016

8. Kevin Liles, CEO
   300 Entertainment
   112 Madison Avenue, Floor 4
   New York, New York 10016