Denise Jones
msdenisejonesdcs@yahoo.com
412-610-5635
July 25, 2022

The Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
500 Pearl street, New York, NY 10007

Re: 1:22 cv 00893(ALC)

Dear: Honorable Judge Carter Jr.

  The plaintiff is respectfully asking guidance from the courts for clarification for the denied requests in ECF. No. 35.  The plaintiff is uncertain if the DENIED motion is specifically subject to the request in EFC. 31.

- A. EFC. 27 was a request for impounding to prevent or restrain copyright infringement. **503 Remedies for infringement**, impounding and disposition of infringing articles. (a)(1) <u>**At anytime while an action under this title is pending, the courts may order the impounding on such terms as it may deem reasonable.**</u> **A.** Of all copies and phonorecords claimed to have been made or used in violation of the exclusive rights of the copyright owner. **B.** Of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may we reproduce; **C.** Of records documenting the manufacture, sale, or receipt of things involved in any such violation, provided that any records served under this sub paragraph shall be taken into the custody of the courts.
- B. There was an order for the defendants to respond to the complaint by June 27th. The defendants responded but did not properly respond by turning in all the information requested in EFC. 27. They responded by making a claim that the three head executives Craig Kallman, Stephen Cooper, and Kevin Liles were not yet served. The attached articles in EFC. 31 were only receipts from the US Marshals office proving that was a false statement made by the Defendants attorneys. The subpoena was not re- entered to obtain the address of Meganthestallion, Pardison Fontaine, and Belcalis Marlenis Almanzar. The subpoena was only attached to prove that a request for information was already previously entered and was denied without prejudice until further notice. The clerk may have with all respect mistaken it for a re-entry.
- C. It is clearly understood that the request for the subpoena to identify the artist addresses were denied until further notice and the motion for default judgement is denied, but the courts ordered the defendants to respond to letter 27 by June 27, 2022 and they still have not sent the records requested to the courts.

*Denise Jones* (signature)

    With all respect the plaintiff is asking the Courts for guidance to be clear on exactly what is being Denied. Is the request for impounding that was already ordered to be answered by June 27th 2022 denied as well? The courts were only directed to terminate EFC. 31. The order to impound all records by June 27, 2022 still were not properly answered. They answered with intent to delay turning in all the records to the courts, therefore the plaintiff is asking the courts to clarify this please.

*Denise Jones*