UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE JONES,<br><br>        *Plaintiff*,<br><br>    -against-<br><br>ATLANTIC RECORDS, WARNER MUSIC GROUP, 1501 CERTIFIED ENTERTAINMENT, 300 ENTERTAINMENT, MEGAN J. PETE, JORDEN THORPE, BELCALIS MARLENIS ALMANZAR, CRAIG KALEMAN, STEPHEN COOPER, CARL CRAWFORD and KEVIN LILES,<br><br>        *Defendants*. | 1:22-cv-00893 (ALC) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

PRYOR CASHMAN LLP
    Ilene S. Farkas
    ifarkas@pryorcashman.com
    Jessica L. Rosen
    jrosen@pryorcashman.com
7 Times Square
New York, New York 10036-6569
Telephone:  (212) 421-4100

*Attorneys for Defendants*

**<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

    A.    The Plaintiff ............................................................................................. 3

    B.    The Defendants ........................................................................................ 3

    C.    Plaintiff's Claim for Alleged Copyright Infringement ........................... 4

ARGUMENT ...................................................................................................................... 5

    I.    LEGAL STANDARD ............................................................................. 5

    II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE
        PLAINTIFF FAILED TO STATE A CLAIM FOR COPYRIGHT
        INFRINGEMENT ................................................................................... 8

        A.    Plaintiff's Claim for Copyright Infringement Should Be
            Dismissed Because Plaintiff Failed to Allege Access ................... 9

        B.    Plaintiff Has Not Alleged – and Cannot Allege – That
            "Substantial Similarity" Exists Between The Works At Issue .................... 11

            1.    The Short, Unoriginal Phrases at Issue Are Not
                Copyrightable as a Matter of Law ...................................... 13

            2.    Plaintiff Fails to Plausibly Allege Substantial Similarity
                Between Anything Else in Plaintiff's Compositions and
                Defendants' Works ............................................................ 15

        C.    The Claims Against the Individual Defendants Should Be
            Dismissed ...................................................................................... 16

    III.    THE INDIVIDUAL DEFENDANTS AND 300 WERE NOT
        PROPERLY SERVED ............................................................................ 17

CONCLUSION .................................................................................................................. 18

## **TABLE OF AUTHORITIES**

**PAGE(s)**

## **CASES**

*Acuff-Rose Music v. Jostens, Inc.*,
    155 F.3d 140 (2d Cir. 1998)...................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................5

*Carell v. Shubert Org., Inc.*,
    104 F. Supp. 2d 236 (S.D.N.Y. June 27, 2000) ...................................................16

*Castro v. Cusack*,
    15-cv-6714 (ENV)(LB), 2019 WL 3385218 (E.D.N.Y. July 26, 2019)...................................................11

*Cates v. Jared Shlemovitz*,
    3:21-CV-0805 (LEK/ML), 2022 WL 1238450 (N.D.N.Y. Apr. 27, 2022) ...........................11

*Clanton v. UMG Recordings, Inc.*,
    556 F. Supp. 3d 322 (S.D.N.Y. Aug. 16, 2021)...................................................9, 10, 11

*De Sesto v. Slaine*,
    171 F. Supp. 3d 194 (S.D.N.Y. Mar. 18, 2016)...................................................16

*Dominick R. Pilla, Architecture-Eng'g P.C. v. Gilat*,
    No. 19-CV-2255 (KMK), 2020 WL 1309086 (S.D.N.Y. Mar. 19, 2020) ...........................6, 7

*Edwards v. Raymond*,
    22 F. Supp. 3d 293 (S.D.N.Y. May 23, 2014) ...................................................6, 7, 15

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)...................................................8, 11, 12

*Ferrarini v. Irgit*,
    No. 21-597-CV, 2022 WL 1739725 (2d Cir. May 31, 2022) ...................................................8

*Gal v. Viacom Int'l, Inc.*,
    518 F. Supp. 2d 526 (S.D.N.Y. 2007)...................................................10

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*,
    590 F. Supp. 2d 625 (S.D.N.Y. Dec. 29, 2008) ...................................................6

*Greer v. Fox Corp.*,
    1:20-cv-05484 (LTS) (SDA), 2021 WL 9409269 (S.D.N.Y. June 3, 2021) .........................16

*Guity v. Santos*,
    No. 18 Civ. 10387 (PKC), 2019 WL 6619217 (S.D.N.Y. Dec. 5, 2019) .........................13, 14

*James v. Cent. Casting N.Y.*,
    No. 13 Civ. 3859 (GBD)(JCF), 2014 U.S. Dist. LEXIS 102014 (S.D.N.Y. July
    24, 2014) ............................................................................................................................6

*Jorgensen v. Epic/Sony Records*,
    351 F.3d 46 (2d Cir. 2003)..............................................................................................8, 11

*Kamanou v. Exec. Sec'y. of the Comm'n of the Econ. Cmty.*,
    No. 10 Civ. 7286 (GBD)(JLC), 2012 WL 162708 (S.D.N.Y. Jan. 19, 2012) .........................6

*Kelly v. L.L. Cool J.*,
    145 F.R.D. 32 (S.D.N.Y. Nov. 16, 1992) ..............................................................................7

*Klauber Bros., Inc. v. QVC, Inc.*,
    1:19-cv-09321, 2020 WL 7029088 (S.D.N.Y. Nov. 30, 2020) ..............................................11

*Klauber Bros. v. M.J.C.L.K., LLC*,
    21 Civ. 4523 (PGG), 2022 WL 5108902 (S.D.N.Y. Oct. 4, 2022).....................................9, 10

*Lane v. Knowles-Carter*,
    No. 14 Civ. 6798 (PAE), 2015 WL 6395940 (S.D.N.Y. Oct. 21, 2015) ............................7, 12

*Leontiev v. Varshavsky*,
    2016 U.S. Dist. LEXIS 122421 (S.D.N.Y. 2016) .............................................................15, 16

*Maharam v. Patterson*,
    369 F. App'x 240 (2d Cir. 2010) ...........................................................................................8

*McDonald v. West*,
    138 F. Supp. 3d 448 (S.D.N.Y. Sept. 30, 2015), *aff'd*, 669 Fed. Appx. 59 (2d
    Cir. 2016) ...................................................................................................................... *passim*

*McDonald v. West*,
    669 F. App'x 59 (2d Cir. 2016) .............................................................................................8

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*,
    No. 09 CV 2669 (LAP), 2012 WL 1021535 (S.D.N.Y. Mar. 26, 2012) ...................................7

*Ochre LLC v. Rockwell Architecture Planning & Design*,
    2012 U.S. Dist. LEXIS 172208 (S.D.N.Y. Nov. 28, 2012).................................................6, 16

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
   602 F.3d 57 (2d Cir. 2010).........................................................................7, 12

*Peters v. West*,
   692 F.3d 629 (7th Cir. 2012) ...........................................................................14

*Pickett v. Migos Touring, Inc.*,
   420 F. Supp. 3d 197 (S.D.N.Y. 2019)......................................................12, 13, 14

*Pyatt v. Raymond*,
   No. 10 Civ. 8764 CM, 2011 WL 2078531 (S.D.N.Y. May 19, 2011),
   *aff'd*, 462 F. App'x 22 (2d Cir. 2012)...............................................................12, 13

*Robinson v. Town of Kent*,
   No. 11-cv-2875 (ER), 2012 WL 3024766 (S.D.N.Y. July 24, 2012).........................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)..........................................................................................6

*United States v. Am. Soc. of Composers, Authors, Publishers*,
   627 F.3d 64 (2d Cir. 2010)................................................................................9

*Wager v. Littell*,
   549 F. App'x 32 (2d Cir. 2013) .........................................................................6

*Wager v. Littell*,
   No. 12-CV-1292 (TPG), 2013 WL 1234951 (S.D.N.Y. Mar. 26, 2013)..................8

*Willis v. Home Box Office*,
   No. 00-cv-2500, 2001 WL 1352916 (S.D.N.Y. 2001) .........................................14

*Wright v. Belafonte*,
   687 Fed. App'x 1 (2d Cir. 2017).......................................................................16

**Statutes**

17 U.S.C. § 411(a) ................................................................................................7

17 U.S.C. § 506(a) ................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 4(e) .........................................................................................16, 17

Fed. R. Civ. P. 8(a) ......................................................................................1, 6, 16

Fed. R. Civ. P. 12(b) ................................................................................... *passim*

N.Y. C.P.L.R. 308................................................................................................17

iv

N.Y. C.P.L.R. 311................................................................................................................18

Defendants Atlantic Recording Corporation (incorrectly named as "Atlantic Records") ("Atlantic"), Warner Music Group Corp. (incorrectly named as "Warner Music Group") ("WMG"), 300 Entertainment LLC (formerly known as Theory Entertainment LLC and incorrectly named as "300 Entertainment"), Craig Kallman (incorrectly named as "Craig Kaleman") ("Kallman"), Stephen Cooper ("Cooper") and Kevin Liles ("Liles", and together with Kallman and Cooper, the "Individual Defendants") (collectively, "Defendants")[1] respectfully submit this memorandum of law in support of their motion to dismiss the complaint filed by Plaintiff Denise Jones ("Plaintiff") on February 2, 2022 (the "Complaint"),[2] pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(5) and 12(b)(6) (the "Motion to Dismiss").

## PRELIMINARY STATEMENT

All of Plaintiff's claims arise out of the alleged copying of five words that appear in one or more of three musical compositions allegedly created and owned by her, entitled, *Grab Em by the P\*ssy* ("*GEBTP*"), *Realigion* and *Rich Chicks Shit* (together, "Plaintiff's Compositions"). Plaintiff claims that the lyrics to two songs associated with the defendants allegedly infringe her lyrics: (1) *WAP*, written in part by Almánzar, Thorpe, and Pete; and performed by Almánzar, featuring Pete ("*WAP*"); and (2) *Thot Shit*, written in part and performed by Pete ("*TS*", and together with *WAP*, the "Defendants' Works"). Even applying a generous reading to the factual allegations, the Complaint fails to adequately state a claim for copyright infringement as a matter of law, and should be dismissed with prejudice.

First, Plaintiff has failed to allege that any of the Defendants had access to Plaintiff's Compositions. She does not allege that her work was widely disseminated. She does not allege

---

[1] As of the date of this filing, Plaintiff has not served the individual defendants Belcalis Marlenis Almánzar ("Almánzar") (p/k/a Cardi B); Jordan Thorpe ("Thorpe"); and Megan J. Pete ("Pete") (p/k/a Megan Thee Stallion).

[2] The Complaint is annexed to the Declaration of Ilene S. Farkas ("Farkas Decl.") as Exhibit A.

1

that any of the Defendants (much less any of the creators of Defendants' Works) ever heard her music.  She simply alleges that her songs were "published [ ] on" BMI and ASCAP, which is insufficient as a matter of law to allege access by Defendants.  (Complaint ("Compl.") ¶ 12).  Plaintiff's vague allegation that she allegedly knows the father of one of the six songwriters of *WAP* is irrelevant to the issue of access (it also happens to be untrue – she misidentified the person).  (Compl. ¶¶ 9, 16).  This alone warrants dismissal of her pleading, as one cannot copy something they have never seen or heard.

Even if Plaintiff had or could allege the requisite access to her songs, Plaintiff's Complaint should nevertheless be dismissed because she has not alleged substantial similarity of protectable expression between Plaintiff's Compositions and Defendants' Works – nor can she.  In the Complaint, Plaintiff identifies a single lyrical line from *GEBTP* and alleges that two or three words within that line are used in the lyrics of two different Defendants' Works.  However, these words and short phrases are unprotectable as a matter of law and cannot form the basis of a copyright infringement claim.  No amount of discovery or pleading will change the Plaintiff's Compositions, the Defendants' Works or the lyrics at issue.

Further, Plaintiff's Complaint should also be dismissed as against the Individual Defendants and 300 because Plaintiff did not effectuate proper service upon these Defendants in accordance with the Federal Rules of Civil Procedure.  Plaintiff's claims against the Individual Defendants also fail because she makes no allegations against the Individual Defendants in their individual capacities.

For these reasons, Plaintiff's Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

### A. The Plaintiff

Plaintiff alleges that she is an independent artist.  (Compl. ¶ 14).  Plaintiff appears to claim to be the author and owner of Plaintiff's Compositions, which are identified in the Complaint by their alleged copyright registration numbers.  (Compl., p. 1).  Plaintiff contends that she created the song *GEBTP* on December 8, 2019, after having been "inspired by a saying of our latest president Trump."  (Compl. ¶ 12).  Plaintiff appears to refer to herself throughout the Complaint as both Denise Jones and "Necey X."

### B. The Defendants

Pete, who performs under the name "Megan Thee Stallion," and Almánzar, who performs under the name "Cardi B," are successful, award-winning rappers, musicians, performing artists and songwriters.  Thorpe is a rapper and songwriter and is one of the credited writers on *WAP*.

*WAP* was released through Atlantic Records on August 7, 2020 and garnered widespread critical acclaim, winning multiple BET Awards, an American Music Award, and ranking as one of the best songs of 2020 by multiple publications.  Pete, Almánzar, and Thorpe are credited as three of the six songwriters of *WAP*.

*TS* was released on June 11, 2021 through 1501 Certified Entertainment, LLC and 300.  *TS* was nominated for a Grammy Award for Best Rap Performance and was ranked 18th on Pitchfork's "The Best 100 Songs of 2021."  Pete is one of the three credited songwriters of *TS*.

Atlantic and 300 are record labels and indirect wholly-owned subsidiaries of WMG. Kallman is the Chairman and CEO of Atlantic, Liles is the Co-Founder and CEO of 300, and Cooper is the CEO of WMG.

Plaintiff filed this action on February 2, 2022.  (*See* Dkt. No. 2).  She purportedly served

3

an agent of process for Atlantic and WMG on May 5, 2022.  (*See* Dkt. Nos. 21 and 22).  She also purports to have served both 300 and Liles by leaving copies of the pleadings with Liles's assistant on May 5, 2022.  (*See* Dkt. Nos. 17 and 20).  Additionally, she purports to have served Cooper and Kallman by mailing a copy of the Summons and Complaint to the agent of process for Atlantic and WMG on May 5, 2022.  (*See* Dkt. Nos. 18-19).  That agent is not authorized to accept service for Cooper, Kallman or any individual corporate officer.  The deadline to serve Defendants elapsed on May 2, 2022.

### C.  Plaintiff's Claim for Alleged Copyright Infringement

All of Plaintiff's claims derive from the alleged unauthorized use of five words from Plaintiff's Compositions.  (Compl., p. 1).  Plaintiff does not allege any musical similarities between Plaintiff's Compositions and Defendants' Works.

Plaintiff only alleges that two lyrical phrases were copied by Defendants.  First, Plaintiff alleges that Pete, Almánzar and Thorpe "took" three words from the phrase, "p*ssy so wet I got that n***a wild'n" from her song *GEBTP* and used them in *WAP*.  (Compl. ¶ 12).  Specifically, Plaintiff alleges that the three words, "p*ssy so wet" were copied to create the lyric, "wet ass p*ssy" that appears in *WAP*.  (Compl. ¶ 12).  Second, Plaintiff claims that "[t]hey took the other half" of her line – "I got that n***a wild'n" – and copied the words "n***as wild'n," to create the lyric "why you in the club with n***as wild'n" that appears in *TS*.  (Compl. ¶ 12).[3]

Plaintiff does not allege that any of Plaintiff's Compositions were widely disseminated; indeed, she does not plausibly allege that her works were publicly available at all.  Nor does she allege that she shared Plaintiff's Compositions with any of the Defendants, or any facts that

---

[3] Although Plaintiff alleges, in a conclusory manner, that *TS* contains "14 direct lines cop[ied] and pasted from three different songs of NeceyX," Plaintiff fails to identify any other alleged similarities between *TS* and Plaintiff's Compositions beyond the words "n***as wild'n."  (Compl. ¶ 15).

credibly support a claim that any of the creators of Defendants' Works had access to Plaintiff's Compositions.  She simply speculates that Pete, Almánzar and Thorpe "knew that [Plaintiff] had published the works on BMI and ASCAP so they took the parts they really liked."  (Compl. ¶ 16).[4] Plaintiff also alleges that she had a business partner with the same last name as defendant Thorpe, and that Thorpe is her ex-business partner's son who she has "met on multiple occasions[,]" but does not allege that she shared any of Plaintiff's Compositions with Thorpe.  (Compl. ¶ 16).[5] Plaintiff does not assert any allegations whatsoever against the Individual Defendants.

Plaintiff's Compositions and Defendants' Works share no protectable similarities and no amount of repleading or discovery will change that fact.  Defendants respectfully submit that the Complaint should be dismissed with prejudice as a matter of law.

## ARGUMENT

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides a means for dismissing a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege plausible facts sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v.*

---

[4] Even if Plaintiff had registered her works with BMI or ASCAP, neither BMI nor ASCAP catalogue or maintain copies of any music nor can anyone access music through these organizations.  These performing rights organizations license works that are registered with them and collect and pay out royalties to their members.  Of course, even if songs were accessible via BMI and ASCAP – and they are not – this is still insufficient as a matter of law to allege access. *See infra*, p. 9.

[5] In fact, while outside the scope of this motion, Plaintiff identifies Thorpe's father's name as Mathew, but that is not Thorpe's father's name and Thorpe has no idea who the "Mathew Thorpe" referenced in the Complaint is.  Of course none of that matters as Plaintiff does not allege (i) that "Mathew Thorpe" ever heard Plaintiff's Compositions or that he gave any of Plaintiff's Compositions to any of the creators of Defendants' Works; or (ii) any actionable similarity between protectable expression contained in the works at issue.

*Iqbal*, 556 U.S. 662, 678 (2009).   While courts assessing a motion to dismiss view any well-pleaded facts alleged in a complaint in a light most favorable to plaintiff, that rule "does not apply to legal conclusions, bare assertions or conclusory allegations."   *Robinson v. Town of Kent*, No. 11-cv-2875 (ER), 2012 WL 3024766, at *4 (S.D.N.Y. July 24, 2012) (citing *Iqbal*, 556 U.S. at 678).[6]

Courts will also dismiss complaints that "lump[] all defendants together…and provid[e] no factual basis to distinguish their conduct" for failing to meet the minimum pleading requirements of Rule 8(a).   *See Ochre LLC v. Rockwell Architecture Planning & Design*, 2012 U.S. Dist. LEXIS 172208, at *16-17 (S.D.N.Y. Nov. 28, 2012) (citations omitted) (dismissing copyright infringement claim with prejudice where plaintiff impermissibly lumped defendants together).

Further, when considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are "incorporated into the complaint by reference" or documents upon which plaintiff "solely relies and which [are] integral to the complaint."   *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Edwards v. Raymond*, 22 F. Supp. 3d 293, 297 (S.D.N.Y. May 23, 2014) (although plaintiffs did not attach copies of lyrics of the works at issue to the complaint, the court considered the lyrics on a motion to dismiss because plaintiffs "clearly relied upon" them in order to bring the copyright infringement claim); *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 629, n. 1 (S.D.N.Y. Dec. 29, 2008) (considering a film that was not attached to complaint on a motion to dismiss because it was "referred to in the

---

[6] Even *pro se* plaintiffs must allege facts sufficient to state a claim in order to survive a Rule 12(b)(6) motion.   *See Wager v. Littell*, 549 F. App'x 32, 33 (2d Cir. 2013) (affirming dismissal of *pro se* plaintiff's copyright infringement claim for failing to satisfy her pleading burden); *James v. Cent. Casting N.Y.*, No. 13 Civ. 3859 (GBD)(JCF), 2014 U.S. Dist. LEXIS 102014, at *4, *13 (S.D.N.Y. July 24, 2014) ("Dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.") (citations omitted); *Kamanou v. Exec. Sec'y. of the Comm'n of the Econ. Cmty.*, No. 10 Civ. 7286 (GBD)(JLC), 2012 WL 162708, at *3 (S.D.N.Y. Jan. 19, 2012) (dismissing copyright infringement claim by *pro se* plaintiff on 12(b)(6) motion to dismiss and explaining that "the fact that [plaintiff] is proceeding *pro se* 'does not exempt [her] from compliance with relevant rules of procedural and Substantive law'" (citations omitted)).

complaint" and was "integral" to plaintiff's claims); *Dominick R. Pilla, Architecture-Eng'g P.C. v. Gilat*, 2020 WL 1309086, at *4 (S.D.N.Y. Mar. 19, 2020) ("District courts in the Second Circuit frequently consider allegedly copied material to be incorporated by reference in, or integral to, complaints in copyright actions.") (citations omitted) (collecting cases).

Indeed, courts in the Second Circuit routinely dismiss claims of copyright infringement at the motion to dismiss stage by performing a "substantial similarity" analysis of the works at issue, because the "works themselves supersede and control contrary descriptions of them in the pleadings." *See Lane v. Knowles-Carter,* No. 14 Civ. 6798 (PAE), 2015 WL 6395940, at *1, n.2 (S.D.N.Y. Oct. 21, 2015); *McDonald v. West*, 138 F. Supp. 3d 448, 454, 456-60 (S.D.N.Y. Sept. 30, 2015), *aff'd*, 669 Fed. Appx. 59, 60 (2d Cir. 2016) (assessing lyrics of works at issue on 12(b)(6) motion and dismissing claim for copyright infringement because plaintiff failed to plausibly allege "substantial similarity"); *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (affirming dismissal of plaintiff's copyright infringement claim, explaining that "it is entirely appropriate for the district court to consider the similarity between [contested] works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation"); *Edwards*, 22 F. Supp. 3d at 298 (stating that "[a] district court in the Second Circuit may resolve a 'substantial similarity' challenge on a Rule 12(b)(6) motion to dismiss"; dismissing infringement claim finding no substantial similarity between lyrics of works at issue).

## II.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT[7]

A plaintiff bringing a copyright infringement claim in the Second Circuit must show both "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Ferrarini v. Irgit*, No. 21-597-CV, 2022 WL 1739725, at *1 (2d Cir. May 31, 2022) (citation omitted).[8]  In order to demonstrate "unauthorized copying," a plaintiff must show "(1) actual copying by the defendant; and (2) that the copying amounts to an improper or unlawful appropriation of the protected material." *Maharam v. Patterson*, 369 F. App'x 240, 241 (2d Cir. 2010) (citation omitted); *see also McDonald v. West*, 669 F. App'x 59, 60 (2d Cir. 2016) (citation omitted).  Where, as here, a plaintiff has not alleged any direct evidence of copying, she must sufficiently allege that the creators of the defendant's work had "access" to his or her work and that the works are "substantially similar." *See Wager v. Littell*, No. 12-CV-1292 (TPG), 2013 WL 1234951, at *3 (S.D.N.Y. Mar. 26, 2013).

Additionally, plaintiff must allege that any substantial similarity between the works at issue relates to material that is original and *protectable* by copyright.  *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (emphasis added).  This is because not all copying begets infringement – where allegedly infringed material is not original to plaintiff or otherwise protectable, there can be no claim for copyright infringement.  *See, e.g.*, *Feist Publ'ns, Inc. v. Rural*

---

[7] Plaintiff appears to assert a claim, in part, for criminal copyright infringement under 17 U.S.C. § 506(a).  This claim must be dismissed as a matter of law because "there is no private cause of action under the criminal provisions of the copyright law."  *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39 (S.D.N.Y. Nov. 16, 1992).

Moreover, Plaintiff seems to imply that the music videos for *WAP* and *TS* infringed upon Plaintiff's hairstyle.  Plaintiff has not alleged that she owns a copyright in the hairstyle, nor could she.  *See Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09 CV 2669 (LAP), 2012 WL 1021535, at *5-6 (S.D.N.Y. Mar. 26, 2012); *see also* 17 U.S.C. § 411(a).

[8] For the purposes of the Motion to Dismiss only, Defendants do not contest the issue of whether Plaintiff owns or has properly registered the copyright for Plaintiff's Compositions.

*Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

### A.  Plaintiff's Claim for Copyright Infringement Should Be Dismissed Because Plaintiff Failed to Allege Access

One cannot copy something they have never seen or heard, and thus a copyright plaintiff is required to sufficiently allege – and then prove – that the creators of the defendants' work had the requisite access to the plaintiff's work.  A plaintiff can allege access by alleging "(1) 'a particular chain of events . . . by which the defendant might have gained access to the work;'" or "(2) facts showing 'that plaintiff's work was 'widely disseminated,' such that access can be inferred.'"  *Clanton v. UMG Recordings, Inc.*, 556 F. Supp. 3d 322, 328 (S.D.N.Y. Aug. 16, 2021) (citing *Tomasini v. Walt Disney Co.*, 84 F. Supp. 2d 516, 519 (S.D.N.Y. 2000) and *Webb v. Stallone*, 910 F. Supp. 2d 681, 686 (S.D.N.Y. 2012)).  In order to allege access, a plaintiff must allege specific facts showing there was a "reasonable possibility," not merely a "bare possibility," of the defendant gaining access to her prior work.  *Clanton*, 556 F. Supp. 3d at 328 (citations omitted).  Speculation is not enough.  *Id.* (citing *Muller v. Twentieth Century Fox Film Corp.*, 794 F. Supp. 2d 429, 440 (S.D.N.Y. 2011)).

Here, Plaintiff does not remotely meet these pleading requirements, as she does not allege any facts by which any of the creators of Defendants' Works could have gained access to Plaintiff's Compositions.  She does not allege that Plaintiff's Compositions have been widely disseminated. In fact, she does not allege that her works were disseminated or available to anyone, at all.  While she alleges that her songs were somehow "published [ ] on" BMI and/or ASCAP, this is impossible, as these performing rights societies do not possess copies of their registered music, much less provide access to that music.  (Compl. ¶ 16); *see, e.g., United States v. Am. Soc. of Composers, Authors, Publishers,* 627 F.3d 64, 69 (2d Cir. 2010).  Even if, hypothetically, one could listen to music through BMI's and/or ASCAP's website (and a simple review of these publicly-available

websites shows that no one can because neither website offers access to music),[9] the allegation

that Plaintiff's Compositions exist on the internet "is insufficient on its own to show 'wide

dissemination.'" *Clanton*, 556 F. Supp. 3d at 328 (citing *O'Keefe v. Ogilvy & Mather Worldwide,

Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008) ("[T]he mere fact that [the plaintiff's] work was

posted on the internet prior to the creation of defendants' work is insufficient by itself to

demonstrate wide dissemination.")); *Klauber Bros. v. M.J.C.L.K., LLC*, 21 Civ. 4523 (PGG), 2022

WL 5108902, at *3 (S.D.N.Y. Oct. 4, 2022) (citing *Silberstein v. Fox Ent. Grp., Inc.*, 424 F. Supp.

2d 616, 627 (S.D.N.Y. 2004)) ("'Widespread dissemination' of a copyrighted work can give rise

to an inference of access 'where the allegedly infringed work has had considerable commercial

success or is readily available on the market.'").  This same argument would apply if Plaintiff were

to allege that Plaintiff's Compositions are available on Spotify or another streaming service, which

she has not alleged.

Nor does Plaintiff allege any chain of events demonstrating that any of the creators of

Defendants' Works had access to any of Plaintiff's Compositions.  Plaintiff's bare assertion that

Thorpe, one of the six writers of *WAP*, is the son of her former business partner is insufficient to

allege that Thorpe, or any of the creators of *WAP* (much less the creators of *TS*, of which Thorpe

is not a writer) had access to Plaintiff's Compositions (it is also false, as "Mathew" Thorpe is not

Defendant Thorpe's father's name).  (Compl. ¶ 16).  Plaintiff does not allege that she shared

Plaintiff's Compositions with Thorpe, nor does she assert any facts to show a chain of events

demonstrating that Thorpe had access to Plaintiff's Compositions.  (Compl. ¶ 16).

Plaintiff's bare conclusion that somehow one of the Defendants may have copied her

(unprotectable) lyrics is insufficient as a matter of law to allege access.  *See Gal v. Viacom Int'l,*

---

[9] *See* www.bmi.com; www.ascap.com.

*Inc.*, 518 F. Supp. 2d 526, 538 (S.D.N.Y. 2007) ("Access means that an alleged infringer had a reasonable possibility—not simply a bare possibility—of hearing [or seeing] the prior work; access cannot be based on mere speculation or conjecture").   Courts have routinely dismissed infringement claims based on a plaintiff's failure to allege access to his or her work.  *See Clanton*, 556 F. Supp. 3d at 328; *see also Klauber Bros., Inc.*, 2022 WL 5108902, at *5 (finding that general allegations of access lacked "sufficient factual detail to raise a non-speculative inference" of access); *Klauber Bros., Inc. v. QVC, Inc.*, 1:19-cv-09321, 2020 WL 7029088, at *9 (S.D.N.Y. Nov. 30, 2020) (granting motion to dismiss where complaint failed to "provide any actual facts to allow the Court to infer that any Defendant had access to Plaintiff's" works); *Castro v. Cusack*, 15-cv-6714 (ENV)(LB), 2019 WL 3385218, at *7 (E.D.N.Y. July 26, 2019) (dismissing copyright infringement claim, in part, because plaintiff provided "bald assertions" that were "not sufficient to plausibly allege access"); *Cates v. Jared Shlemovitz*, 3:21-CV-0805 (LEK/ML), 2022 WL 1238450, at *4 (N.D.N.Y. Apr. 27, 2022) (dismissing copyright infringement claim where plaintiff failed to allege a chain of events leading to access or widespread dissemination of the work).

As Plaintiff has failed to allege that the creators of Defendants' Works had access to Plaintiff's Compositions, the Complaint should be dismissed.

### B.  Plaintiff Has Not Alleged – and Cannot Allege – That "Substantial Similarity" Exists Between The Works At Issue

Even if Plaintiff could overcome her failure to plead access, Plaintiff cannot allege infringement because the works are not actionably, or substantially, similar. [10]   In order to sufficiently plead a copyright infringement claim, a plaintiff must plead unauthorized copying of original, *protectable* elements of a copyrighted work.  *See Jorgensen v. Epic/Sony Records*, 351

---

[10] The lyrics of Plaintiff's Compositions – *GEBTP*, *Realigion* and *Rich Chicks Shit* – are annexed to the Declaration of Ilene S. Farkas ("Farkas Decl.") as Exhibits B, C and D, respectively.  The lyrics of Defendants' Works – *WAP* and *TS* – are annexed to the Farkas Decl. as Exhibits E and F, respectively.

F.3d 46, 51 (2d Cir. 2003).  Originality is "the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author."  *Feist,* 499 U.S. at 348.  In the context of copyright infringement, "original" means that the work was independently created by the author as opposed to copied from other works, and that the alleged similarities at issue constitute protectable expression.  *Id.* at 345; *see Clanton*, 556 F. Supp. 3d at 331 (citing *Estates of Smith v. Cash Money Records, Inc.*, 253 F. Supp. 3d 737, 747 (S.D.N.Y. 2017) ("[O]nly the protectable portions of the copyrighted works are compared for substantial similarity.").  Consequently, "not all copying is copyright infringement."  *Feist*, 499 U.S. at 361.

The Court may decide similarity and protectability as a matter of law on a motion to dismiss by comparing the works at issue, and dismissal is warranted where "'the similarity between two works concerns only non-copyrightable elements[.]'"  *Peter F. Gaito Architecture, LLC*, 602 F.3d at 63-64 (citation omitted).  Indeed, courts will review the works at issue – assessing lyrics and music – in order to evaluate issues of substantial similarity on a motion to dismiss.  *McDonald*, 138 F. Supp. 3d at 454, *aff'd*, 669 Fed. Appx. 59, 60 (2d Cir. 2016); *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 206 (S.D.N.Y. 2019) (granting dismissal and observing that "when evaluating whether there is substantial similarity between the defendant's work and the protectable elements of the plaintiff's work, 'no discovery or fact-finding is typically necessary, because what is required is only a . . . comparison of the works'"); *Lane*, 2015 WL 6395940, at *4 (S.D.N.Y. Oct. 21, 2015) ("If . . . the district court determines that the two works are not substantially similar as a matter of law, the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief"); *Pyatt v. Raymond*, No. 10 Civ. 8764 CM, 2011 WL 2078531, at *6-10 (S.D.N.Y. May 19, 2011), *aff'd*, 462 F. App'x 22 (2d Cir. 2012) (granting dismissal after comparing lyrics and sound recordings

because no substantial similarity existed between defendant's song and any protectable element of plaintiff's song).

Here, Plaintiff only alleges lyrical similarities between Plaintiff's Compositions and Defendants' Works, and Plaintiff only specifically identifies a single line from *GEBTP* – "p*ssy so wet I got that n**** wild'n" – as being infringed.  (Compl. ¶ 12).  Plaintiff claims that three words within that line were used in lyrics in *WAP* and two words within that line were used in *TS*. (*Id.*).

### 1. The Short, Unoriginal Phrases at Issue
### Are Not Copyrightable as a Matter of Law

*First*, Plaintiff alleges that her lyric "p*ssy so wet" was copied in the *WAP* lyric "…it's some wet ass p*ssy."  (*Id.*).  As a threshold matter, the phrases, "p*ssy so wet" and "wet ass p*ssy" are different.  In fact,  *GEBTP* and *WAP* merely share the words "wet" and "p*ssy."

Even if the phrases were identical, Plaintiff cannot exercise a monopoly over these words. Words and short, commonplace phrases are not protected by copyright.  *See* United States Copyright Office Circular 33; *See also*, *e.g.*, *Pickett*, 420 F. Supp. 3d at 207 (phrase "walk it like I talk it" not protectable); *Guity v. Santos*, No. 18 Civ. 10387 (PKC), 2019 WL 6619217, at *4 (S.D.N.Y. Dec. 5, 2019) (phrase "you're mine" not protectable because it is "too short and generic to meet the required threshold for creativity"); *McDonald*, 138 F. Supp. 3d at 456, *aff'd*, 669 Fed. Appx. 59, 60 (2d Cir. 2016) (phrase "made in America" not protectable because "[i]t is far too brief, common, and unoriginal to create any exclusive right vested in Plaintiff."); *see Acuff-Rose Music v. Jostens, Inc.*, 155 F.3d 140, 144 (2d Cir. 1998) (finding the phrase, "you've got to stand for something, or you'll fall for anything" too common to accord copyright protection). Accordingly, the words at issue here are not protectable.

Indeed, Plaintiff cannot credibly claim that she coined the words "p*ssy" and "wet" or even the phrase "p*ssy so wet" because it "existed long before she included it in her song." *Pyatt*, 2011 WL 2078531, at *8. These words have appeared together in several musical and other works that pre-date Plaintiff's Compositions, including but not limited to the following works:

- Swipey's "So Good" (2016) ("P*ssy so wet got a n**** drownin'");
- David Banner's "Play" (2005) ("I'm tryna get your p*ssy wet");
- Plies' "Ms. Pretty P*ssy" (2005) ("…that p*ssy get real wet").[11]

Simply put, Plaintiff does not own these words and cannot stop others from using them. *Pickett*, 420 F. Supp. 3d at 207 (granting dismissal and taking judicial notice of prior instances of prior use of the term "'walk it like I talk it,'"); *McDonald*, 138 F. Supp. 3d at 456, *aff'd*, 669 Fed. Appx. 59, 60 (2d Cir. 2016) (granting dismissal and observing that phrase "Made in America" "is a well-known part of the national vernacular"); *Peters v. West*, 692 F.3d 629, 631 (7th Cir. 2012) (affirming dismissal where the phrase "what does not kill me, makes me stronger" "has been repeatedly invoked in song lyrics over the past century"). The words in the lyrics at issue are not copyrightable as a matter of law.

*Second*, Plaintiff alleges that the lyric "I got that n**** wild'n" was copied by the *TS* lyric "why you in the club with n****s wild'n". (Compl. ¶ 12). These phrases are plainly different, share only two words, "n**** wild'n" and "n****s wild'n" – which are not identical phrases, as the phrase in *TS* uses the plural version and *GEBTP* uses the singular.

However, even if the phrases were identical, Plaintiff cannot exercise a monopoly over this two-word phrase, which is not protectable by copyright. *See Pickett*, 420 F. Supp. 3d at 207; *Guity*,

---

[11] https://genius.com/Swipey-so-good-lyrics; https://genius.com/David-banner-play-lyrics; https://genius.com/Plies-ms-pretty-pussy-lyrics. Courts are permitted take judicial notice of generic, unprotectable elements of creative works. *See, e.g., Pickett*, 420 F. Supp. 3d at 207 (granting dismissal and taking judicial notice of prior instances of prior use of the term "'walk it like I talk it,'"); *Willis v. Home Box Office*, No. 00-cv-2500, 2001 WL 1352916, at *2 (S.D.N.Y. 2001).

2019 WL 6619217, at \*4 (S.D.N.Y. Dec. 5, 2019); *McDonald*, 138 F. Supp. at 456, *aff'd*, 669 Fed. Appx. 59, 60 (2d Cir. 2016).  Indeed, the phrase – and similar ones to it – has been used in several musical and other works that pre-date Plaintiff's Compositions, including:

- Yamine's "Wild'n" (2018) ("U n\*\*\*\*s wild'n");
- Rick Ross's "Phone Tap" (2014) ("18 n\*\*\*a wild'n");
- QUE.'s "OG Bobby Johnson" (2013) ("Young n\*\*\*a wildin'").[12]

Simply put, none of the lyrics at issue are protectable, and these words certainly are not owned by Plaintiff.  Plaintiff's claims should be dismissed as a matter of law.

### 2. Plaintiff Fails to Plausibly Allege Substantial Similarity Between Anything Else in Plaintiff's Compositions and Defendants' Works

Plaintiff alleges in a conclusory manner that *TS* contains "14 direct lines cop[ied] and pasted from three different songs of NeceyX," yet fails to identify them.  Plaintiff has incorporated by reference Plaintiff's Compositions and Defendants' Works by citing to the copyright registration numbers of Plaintiff's Compositions and clearly relying upon both Plaintiff's Compositions and Defendants' Works in bringing her claim, so the Court is able to review and compare the lyrics of these works on this motion.  *See Edwards*, 22 F. Supp. 3d at 297 (although plaintiffs did not attach copies of lyrics of the works at issue to the complaint, the court considered the lyrics on a motion to dismiss because plaintiffs "clearly relied upon" them in order to bring the copyright infringement claim); *McDonald*, 138 F. Supp. at 453 (same), *aff'd*, 669 Fed. Appx. 59, 60 (2d Cir. 2016) (affirming dismissal where district court compared works that were not annexed to complaint and found no substantial similarity between them as a matter of law).

A comparison of the lyrics of Plaintiff's Compositions and *TS* reveals that there are no legitimate, original lyrical similarities between any of Plaintiff's Compositions, on the one hand,

---

[12] https://genius.com/Yamine-wildin-lyrics; https://genius.com/Rick-ross-phone-tap-lyrics; https://genius.com/Que-og-bobby-johnson-lyrics.

and *TS* or *WAP*, on the other hand.  Plaintiff's copyright infringement claim fails as a matter of law and the Complaint should be dismissed with prejudice.[13]

## C.  Claims Against the Individual Defendants Should Be Dismissed

There are no specific allegations against the Individual Defendants in their individual capacities.  Indeed, Plaintiff utterly fails to put the Individual Defendants on notice of any of the alleged claims against them, and it appears that they have been sued simply because of their respective corporate positions with WMG, Atlantic and 300.  *See* Fed. R. Civ. P. 8(a)(2).  Thus, Plaintiff's claim should be dismissed as to the Individual Defendants.  *See Ochre LLC*, 2012 U.S. Dist. LEXIS 172208 at *16-17; *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. June 27, 2000) (dismissing infringement claim as to certain corporate directors for failure to set forth in any detail any acts by those directors leading to infringement) (citing *Bambu Sales, Inc. v. Sultana Crackers, Inc.*, 683 F. Supp. 899, 913 (E.D.N.Y. Mar. 14, 1988)).  To the extent that any of Plaintiff's Complaint survives, any claims against the Individual Defendants should be

---

[13] Plaintiff's Complaint also has various references to "emotional distress."  To the extent that Plaintiff is alleging some type of claim for intentional infliction of emotional distress ("IIED") via alleged "harassment" and "internet stalking," such claim must be dismissed as a matter of law.  (Compl. ¶¶ 8 and 18).  In New York, a plaintiff stating a claim for IIED must plead: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress."  *Leontiev v. Varshavsky*, 2016 U.S. Dist. LEXIS 122421, at *7 (S.D.N.Y. 2016) (quoting *Chanko v. Am. Broad. Cos. Inc.*, 27 N.Y.3d 46, 29 N.Y.S.3d 879, 49 N.E.3d 1171, 1178 (N.Y. 2016)).  New York courts – and courts in this District – view the bar of pleading IIED,  a "highly disfavored cause of action", as "extremely high" and "routinely dismiss" such claims on a motion to dismiss.  *De Sesto v. Slaine*, 171 F. Supp. 3d 194, 201 (S.D.N.Y. Mar. 18, 2016).  The pleading requirements for "extreme and outrageous conduct" require allegations of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Wright v. Belafonte*, 687 Fed. App'x 1, 2 (2d Cir. 2017) (citing *Chanko*, 27 N.Y.3d at 56) (affirming dismissal of IIED claim where plaintiff did not plead "extreme and outrageous conduct").  Plaintiff's vague and conclusory allegations that "Defendants" harassed, humiliated and stalked Plaintiff over social media (Compl. ¶¶ 8, 13-15, 17-18, 23) are insufficient to reach this high bar as a matter of law. *See Leontiev*, at 6-8 (dismissing IIED claim where allegations of "systematic and unrelenting campaign of threats, intimidation, and harassment" were insufficiently "extreme and outrageous to state a claim."); *see Greer v. Fox Corp.*, 2021 WL 9409269, at *10 (June 3, 2021) (dismissing IIED claim where, *inter alia*, allegations of threats by email insufficiently "extreme and outrageous.").

Additionally, certain portions of Plaintiff's Complaint appear to be directed at people and business that are not named defendants, so Defendants will not address these allegations.  (Compl. ¶¶ 21-22).

dismissed with prejudice.

### III. THE INDIVIDUAL DEFENDANTS AND 300 WERE NOT PROPERLY SERVED

The Complaint should also be dismissed as against the Individual Defendants and 300 because Plaintiff failed to effectuate proper service upon them.  *See* Fed. R. Civ. P. 12(b)(5).  With respect to the Individual Defendants, Plaintiff failed to comply with Federal Rule of Civil Procedure 4(e), which provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In New York, service of process can by effectuated on an individual by personal service or "by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318." N.Y. C.P.L.R. 308 (McKinney).

Plaintiff did neither.  She did not personally serve the Individual Defendants and did not serve them via any designated agent for service of process.  Rather, Plaintiff purports to have attempted service on Cooper and Kallman by sending a copy of the pleadings to CT Corporation, an agent of process for WMG and Atlantic, on May 5, 2022.  However, CT Corporation has not been designated by either Cooper or Kallman as an agent for service under rule 318.  (Farkas Decl., ¶ 10).  Therefore, Plaintiff did not properly effectuate service on Cooper or Kallman.

Additionally, Plaintiff purports to have attempted service on Liles by serving an assistant to Liles, Keely Higgins, at Liles' place of business, but there is no record of Plaintiff having either mailed the summons to Liles at his last known residence or mailed the summons by first class mail to Liles at his place of business pursuant to N.Y. C.P.L.R. 308(2).  N.Y. C.P.L.R. 308(2) (McKinney).  As Ms. Higgins has not been designated by Liles as his agent for service under rule 318, Plaintiff's service as to Liles was also improper under New York law.  (Declaration of Keely

17

Higgins ("Higgins Decl."), ¶ 5).  Therefore, Plaintiff's Complaint should be dismissed against the Individual Defendants.

Plaintiff also failed to effectuate proper service on 300.  Plaintiff purports to have attempted service on 300 by serving Ms. Higgins; however, Ms. Higgins is not an "officer, director, managing or general agent, or cashier or assistant cashier" and is not "authorized by appointment or by law to receive service" on behalf of 300.  *See* N.Y. C.P.L.R. 311 (McKinney); (Higgins Decl., ¶ 4). Additionally, Ms. Higgins has not been designated by 300 as its agent for service under rule 318. (Higgins Decl., ¶ 4).  Therefore, service of process upon 300 was improper and the Complaint should be dismissed against it.

## **CONCLUSION**

It is respectfully submitted that the Motion to Dismiss should be granted, and that this action should be dismissed with prejudice.

Dated: New York, New York
        November 1, 2022

PRYOR CASHMAN LLP

By: */s/ Ilene S. Farkas*
    Ilene S. Farkas
    Jessica L. Rosen
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants*